IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ST. REGIS AT HURRICANE LAKE, LLC                                              PLAINTIFF

v.                            CASE NO. 4:24-cv-00667-JM

NATIONWIDE GENERAL INSURANCE COMPANY                          DEFENDANT

**PROTECTIVE ORDER**

For good cause shown, it is hereby ORDERED that:

1. This Protective Order shall be applicable to discovery in this action and shall govern the use and dissemination of information and documentation of a sensitive, confidential, proprietary, or legally protected nature, and the privacy rights of the parties or certain non-parties ("Confidential Information").

2. Any Party or non-party who produces material in the course of discovery in this action (a "Producing Party") may designate such material as Confidential Information if that Producing Party believes in good faith that the material contains Confidential Information.

3. To designate a document as one containing Confidential Information, the Producing Party must conspicuously mark the word "CONFIDENTIAL" on the face of each document and on each page containing Confidential Information. In the case of electronically stored documents, the Producing Party shall affix such a label to the information by using its best efforts to identify the information as Confidential Information.

4. To designate an interrogatory answer as confidential, the Producing Party must insert the word "CONFIDENTIAL" in brackets at the beginning of each answer claimed to contain Confidential Information.

5. Subject to the Federal Rules of Evidence, any Confidential Information may be offered in evidence at trial or any Court hearing. Any party may move the Court to prevent unnecessary disclosure of Confidential Information.

6. Any material submitted to or filed with the Court which contains information covered by this Protective Order shall be filed under seal using the Court's Case Management Electronic Case Filings system. In lieu of filing under seal, the parties may file redacted versions of documents or materials designated as "CONFIDENTIAL" if possible to do so in a manner consistent with this Protective Order. The parties or deponents may agree subsequently to exclude any information or documents from coverage under this Protective Order and, upon motion of a party or upon the Court's own motion, the Court may exclude any information or documents from coverage under this Protective Order. Nothing in this Protective Order shall restrict any use by a Producing Party of its own Confidential Information or documents.

7. To designate deposition testimony as confidential, the designating party must, within twenty-one (21) business days of receiving the transcript, provide all other parties with a copy marked "CONFIDENTIAL" and an index of the page and line numbers claimed as confidential. Absent an agreement on the record or in writing, or an order of the Court to the contrary, all deposition testimony shall

be deemed confidential until 21 business days after the deposing party receives a copy of the transcript.

8. A Party shall not be obligated to challenge the propriety of the designation of material as containing Confidential Information at the time made, and failure to do so shall not preclude a later challenge in this action. In order to challenge a designation of material as containing Confidential Information, the Non-Producing Party shall give written notice to the Producing Party, and the Parties shall attempt in good faith to resolve any challenges on an informal basis. If the challenge cannot be informally resolved, the Non-Producing Party challenging the designation may seek appropriate relief from the Court following the joint report procedure detailed in the Court's Final Scheduling Order.

9. The Non-Producing Party must treat as confidential all information designated as such until the Producing Party removes its designation or a court rules that it is not confidential.

10. The inadvertent failure to designate or withhold any information as confidential will not be deemed to waive a later claim as to its confidential nature, or to preclude the Producing Party from designating the information as confidential at a later date in writing and with particularity.

11. The documents covered under this Protective Order shall be used only for purposes of this proceeding. Confidential Information may not, without written consent of the Producing Party or a court order, be given, shown, made available, or communicated to anyone except the following:

    a. Anyone to whom the Parties agree in writing or the Court orders;

    b. The Parties;

    c. The Parties' counsel, employees, or expert witnesses;

    d. Witnesses who might testify in this case and to whom disclosure is reasonably necessary;

    e. Court personnel, jurors, court reporters, any mediator involved in this action, and employees of any such mediator;

    f. Deponents and trial and hearing witnesses; and

    g. The original author or recipient of the document.

  12. The Parties and their counsel shall take all other reasonable steps to ensure that persons receiving Confidential Information do not use or disclose such information for any purpose other than this litigation.

  13. A person receiving Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order. If Confidential Information is disclosed to any person not entitled to receive disclosure of such information, the person responsible for the disclosure must bring all pertinent facts relating to such disclosure to the attention of counsel for the Producing Party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure by it or by the person who received such information.

  14. The information and documentation covered under this Protective Order shall be used only for purposes of this lawsuit, including any appeals. No

individual shall disclose any of the documents or information to any other individual, directly or indirectly, except as authorized by this Protective Order. Beyond this litigation, no individual shall use any of the information or documentation to the detriment of the Producing Party or for any other business or financial benefit of the individual. An individual who makes a disclosure in violation of this Protective Order may be sanctioned pursuant to Fed. R. Civ. P. 37(b).

15. This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties, or by an order of the Court. If this Order is not terminated by the parties or the Court, it shall expire one year after the final dismissal of this matter, including the resolution of any appeals.

16. Within 60 days after final termination of this action (including all appellate proceedings), and upon written request from the Producing Party, all Confidential Information (other than exhibits of record) in any format shall be returned to the Producing Party or destroyed in such a manner that will ensure there is no possibility that Confidential Information can be reconstructed.

IT IS SO ORDERED THIS 30th day of January, 2025.

_____
HON. JAMES M. MOODY JR.